## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22798-MORENO/LOUIS

JAVIER CARDENAS, RODNEY
AND PAMELA BAKER, MICHELLE MONGE,
and KURT KIRTON, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., and SOUTHEAST TOYOTA
DISTRIBUTORS, LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineer & Manufacturing North America, Inc., and Toyota Motor Corporation's (collectively, "Toyota Defendants") Second Motion to Compel (ECF No. 105); Plaintiffs Javier Cardenas, Rodney and Pamela Baker, Michelle Monge, and Kurt Kirton's (collectively "Plaintiffs") Motion to Compel (ECF No. 107); and the Parties' Joint Motion to Withdrawal Toyota Defendants' Motion to Compel and Section III of Plaintiffs' Motion to Compel (ECF No. 108). All pretrial matters have been referred to the undersigned United States Magistrate Judge by the Honorable Federico A. Moreno, United States District Judge (ECF No. 75). The Motions have been fully briefed and oral argument was conducted via video conference hearing.

1

### A. Background

Plaintiffs bring this action individually and on behalf of all persons in the United States (except residents of California) who purchased or leased a 2012-2017 Toyota Camry ("Class Vehicles"). *See* Amended Complaint (ECF No. 48). Plaintiffs allege that the Class Vehicles contain a defect to the HVAC system, which causes a foul and toxic odor into the vehicle's compartments.

Discovery disputes have arisen from the Parties' written discovery and document requests. The Toyota Defendants collectively filed a Motion to Compel (ECF No. 105); Plaintiffs similarly have moved to compel (ECF No. 107) supplemental responses to certain requests from Defendants Toyota Motor Sales, U.S.A., Inc. ("TMS") and Toyota Motor Corporation ("TMC"). The Parties then jointly moved to withdraw Toyota Defendants' Motion to Compel in its entirety, and section three of Plaintiff's Motion to Compel. The Motion to Withdraw (ECF No. 108) is **GRANTED** and the Toyota Defendants' Motion (ECF No. 105) is **DENIED as withdrawn.** Upon consideration of the motion, response, and with the benefit of oral argument and being otherwise apprised of the circumstances, Plaintiffs' Motion to Compel is **DENIED,** for the reasons explained below.

### B. Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery. The rule provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Parties responding to interrogatories must answer them fully, and they must state any objections with specificity. Fed. R. Civ. P. 33(b)(4); S.D. Fla. LR. 26.1(e)(2)(A). The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production. *Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV, 2019 WL 1300896, at *1 (S.D. Fla. Feb. 7, 2019). After a properly stated objection is presented, the proponent of a motion to compel seeking to overrule the objection must prove the relevance of the requested discovery. *Id.* While the threshold for showing relevance is relatively low, the "proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." *Diamond State Ins. Co. v. His House, Inc.*, No. 10-20039-CIV, 2011 WL 146837, at *5 (S.D. Fla. Jan. 18, 2011).

### C. Discussion

#### 1. Corrective Measures

Plaintiffs' Motion to Compel seeks to discover countermeasures to the HVAC odor in vehicles *other than* the Class Vehicles. Plaintiffs justify their requests on the basis that responses thereto will show that TMC and TMS had notice of the HVAC defect, support Plaintiffs' RICO claim (fraud), and belie the defense that HVAC odor only occurs in certain geographical areas in the United States (ECF No. 107 at 1-2).

TMC Interrogatory Number 11 seeks identification of "the first production month when each of the Countermeasures was installed as a standard feature in any Toyota vehicle sold in Japan." (ECF No. 107-2 at 3). TMC objected to the requests as overly broad and not relevant in that it seeks information about *any* Toyota vehicle, including those outside the Class Vehicles (2012-2017 Camry vehicles sold in the United States). TMC submitted the declaration of Ichiro Fukumoto, General Manager at TMC, who attests that it took 50 man-hours to identify whether

3

countermeasures related to HVAC odors were implemented in each model year of the model series for the Class Vehicles, and that it would take approximately the same time for TMC to identify that information for each model series (outside the class) and that there are approximately 45 vehicle models sold in Japan (ECF No. 109-4). Fukumoto concludes that to identify what countermeasures impacting the potential for HVAC odor, if any, were implemented in all Toyota brand models sold in Japan would constitute "a severe and tremendous burden on TMC" (*Id.*). TMC also challenged the request because "Countermeasures" as defined could include measures taken by individuals or other entities; and the request is predicated on an unfounded assumption that the HVAC systems in all vehicles are the same as those of the Class Vehicles.

TMC has met its burden in substantiating its objections, in particular, that the requested information is overly broad, not relevant, and that production of information would be overly burdensome, requiring hundreds of hours to determine if any countermeasures were ever implemented. Thus, the burden shifts to Plaintiffs to demonstrate why their Motion to Compel should be granted.

Here, Plaintiffs have not advanced a factual basis for seeking to compel TMC to investigate and disclose the information sought, that is, the month during which unspecific countermeasures for HVAC systems were implemented for the Class Vehicles or other models. Plaintiffs contend that finding out whether countermeasures were implemented would show that TMC had notice of the HVAC defect in the Class Vehicles and would support their fraud claim. Plaintiffs' justification reveals its deficiency: the request does not ask whether any countermeasures were in fact implemented but rather assumes, without any factual basis, that they were and asks TMC to pinpoint the time when the countermeasures were first implemented. At the hearing, counsel further argued that this information is relevant to discovering whether Defendants had available

countermeasures and why they were not sooner implemented. Without this factual predicate, the request is fishing for information that may be helpful in proving their claims, but as phrased does not seek to discovery information that is relevant to Plaintiffs' claims.

Plaintiffs additionally justify the requests as relevant to disproving TMC's asserted explanation, that the HVAC defect was regional (predominantly in the South East region of the United States), if the response reveals that TMC implemented countermeasures to vehicles intended for sale in Japan. It should be here noted that TMC does not dispute that it had knowledge of the potential for HVAC odor in the Class Vehicles, which has been demonstrated through other documents received through discovery (ECF No. 109 at 4). The record does not support a factual basis for Plaintiffs' assumption here that all Toyota vehicles, wherever sold, shared the same HVAC system as the systems in the Class Vehicles. *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1120 (N.D. Ga. 2007) (finding that plaintiffs could not discover information of vehicles outside the class vehicles because plaintiffs had not shown that components of different models shared the characteristics at issue in the class vehicles).

Plaintiff similarly moves to compel from Defendant TMS complete responses to Interrogatory Number 7, which seeks identification of the <u>first production month</u> when each of the countermeasures was installed as a standard feature in Camry model vehicles that are not Class Vehicles; and Document Request Number 32, which seeks "[d]ocuments sufficient to show the timeline for implementation of HVAC odor countermeasures in Japan-bound Class Vehicles, including but not limited to Park Fresh Logic, Komori Logic, Afterblow technology and installation of Charcoal Filters." TMS opposed production because the request was overly broad, disproportionate to the needs of the case, and seeking irrelevant information. For the same reasons, Plaintiffs have not met their burden to show that the discovery here sought is relevant to their

claims.

TMS Document Request Number 18 requests "all marketing surveys, analysis, and other documents discussing or related to costs of service and repair as an item that influences purchase for the Class Vehicles." (ECF No. 107-2 at 12). TMS objected to production on the basis that the request is overly broad and unfocused, having no relationship to HVAC odor or systems. In its Motion, Plaintiffs contends this request is relevant to proving the feasibility of countermeasures studied by TMS specific to the Class Vehicles. The request however is not focused, and seeks information regarding all repairs that could influence the purchase of the Class Vehicles, without defining the repairs it seeks information about or how those repairs are related to the alleged defect. Accordingly, the Motion is denied on this ground.

### 2. Class Dealer Invoice Price

Plaintiffs also seek information regarding dealer invoice price for each Class Vehicle sold. Plaintiffs characterize "dealer invoice information," as "the price dealers paid Toyota for the Class Vehicles." (ECF No. 107 at 4). Plaintiffs justify their request, TMS Document Request Number 1, as relevant to aid Plaintiffs in assessing damages in this case based on the theory that Class Members overpaid for each of the Class Vehicles because they paid a market price for a non-defective vehicle and yet, they in fact received a defective one. Plaintiffs aver that their expert intends to conduct a consumer survey to determine the damages related to reduced market value by finding the difference in the value of Class Vehicles with defective HVAC systems and Class Vehicles without the defect ("conjoint analysis") and proffer that the dealer invoices will be used to ensure accuracy of the survey data.

TMS opposes production as not relevant because the price a dealer paid for a vehicle does not reflect the price a consumer paid or would have paid (ECF No. 109 at 5). TMS primarily argues

6

that dealer prices are not "real world prices," and thus an analysis premised on how much a dealer paid for a Class Vehicle will not yield a reliable amount of consumer damages. At the hearing, counsel argued that Plaintiffs had failed to advance evidence in support of the request, specifically, a declaration from the anticipated expert proffering the necessity of dealer pricing for his damages analysis. While Plaintiffs' burden on a motion to compel is not generally an evidentiary burden, counsel's challenge focuses on the absence of factual bases predicating Plaintiffs' request. The relevance of the discovery sought is not based on the Complaint allegations (or at least none are identified by Plaintiffs' counsel in support) but rather, the information is sought to provide a metric of accuracy for Plaintiffs' proffered expert analysis. Yet Plaintiffs have not provided sufficient facts for the undersigned to assess the unsubstantiated assertion that the data sought is indeed needed for the conjoint analysis. It is not an intuitive nexus; Plaintiffs proffer that their expert will use the prices paid <u>by the dealer</u> as a floor for the price paid by <u>the class members</u>. The adequacy of this correlation is not here decided; this is not the motion *in limine*. Notwithstanding, it was Plaintiffs' burden to substantiate their assertion that the documents sought, revealing dealer pricing, is *relevant* to the proffered use, and they have not done so. Accordingly, the Motion is denied on this ground.

      **DONE and ORDERED** in Chambers in Miami, Florida, on this 3rd day of September, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE