UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cv-22798-CIV-FAM

JAVIER CARDENAS, RODNEY AND
PAMELA BAKER, MICHELLE MONGE,
and KURT KIRTON, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., and SOUTHEAST TOYOTA
DISTRIBUTORS, LLC,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO TOYOTA DEFENDANTS' MOTION
FOR EXPEDITED BRIEFING AND CONSIDERATION AS TO THEIR MOTION TO
<u>AMEND SCHEDULING ORDER (ECF NO. 122)</u>**

Plaintiffs Javier Cardenas, Rodney and Pamela Baker, Michelle Monge, and Kurt Kirton (collectively, "Plaintiffs") submit this Response in Opposition to Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (collectively "Toyota Defendants") Motion For Expedited Briefing and Consideration as to their Motion to Amend Scheduling Order (ECF No. 122), ECF No. 126 ("Motion to Expedite" or "Mot."). The Toyota Defendants' Motion to Expedite is wholly unnecessary and represents yet another drain on Plaintiffs' and the Courts' resources. Plaintiffs respectfully request that the Court deny the Motion to Expedite, or in the alternative, deny the Toyota Defendants' Motion to Amend Scheduling Order (ECF No. 122, "Motion to Amend") without requiring further briefing and find that the Motion to Expedite is moot.

It is undisputed that the Toyota Defendants' Motion to Amend, on which they now seek expedited briefing, is an attempt to evade Magistrate Judge Louis' holdings that TMC must proffer a Rule 30(b)(6) witness on October 12, 2020, before affirmative expert reports are exchanged. Mot. at 1. Under the current schedule, all expert and fact discovery must be completed by November 30, 2020, with class certification and summary judgment motions due two weeks later on December 14, 2020. *See* ECF No. 96. Accordingly, in order to allow the 30 days provided under the Federal Rules of Civil Procedure for rebuttal reports, and approximately two weeks to complete expert depositions, <u>the latest affirmative expert reports can be exchanged under the current schedule is October 19, 2020</u>. Plaintiffs have thus scheduled TMC's Rule 30(b)(6) deposition for October 12, so that TMC's Rule 30(b)(6) testimony can be incorporated into Plaintiffs' expert reports and the Court's schedule can be maintained leading up to trial. Magistrate Judge Louis agreed that the TMC 30(b)(6) deposition should take place on October 12 in light of this Court's schedule, which includes a January 29, 2021 mediation deadline and March 29, 2021

1

trial date, and denied TMC's motions for protective orders. *See* ECF No. 115 (Denying First Motion for Protective Order); ECF No. 124 (Paperless Minute Entry Denying Second Motion for Protective Order).

As will be detailed in Plaintiffs' forthcoming opposition to the Toyota Defendants' Motion to Amend (to this extent this Court requires further briefing), currently due on October 2, 2020, Judge Louis has repeatedly denied TMC's efforts to delay, or indefinitely postpone, the Rule 30(b)(6) deposition. In an attempt to evade Magistrate Judge Louis' holdings without going through a formal appeal process,[1] the Toyota Defendants filed the Motion to Amend with this Court seeking a <u>wholly unworkable amendment</u> to the scheduling order, extending expert discovery by 30 days, until December 30, 2020, <u>which would then set an expert discovery deadline after the deadline for filing motions for class certification and motions for summary judgment. This proposal makes no sense</u>. *See* Motion to Expedite, at 2.

Further, the Toyota Defendants' Motion to Amend is in violation of their meet-and-confer obligations under Local Rule 7.1(a)(3)(A), because counsel for the Toyota Defendants never informed Plaintiffs' counsel that they would seek to extend the expert discovery deadline beyond the class certification and summary judgment deadline, and instead, only informed Plaintiffs' counsel that they would seek to extend the November 30 discovery deadline by a couple of weeks. Indeed, Plaintiffs were blindsided when they saw the Toyota Defendants' request to move the expert discovery deadline beyond the deadline for class certification and summary judgment

---

[1] TMC has suggested that it will appeal Magistrate Judge Louis' decisions, but faces the heavy burden of showing that Magistrate Judge Louis' decisions were clearly erroneous, a standard some courts have likened to requiring that the findings strike the Court "as wrong with the force of a five-week old, unrefrigerated dead fish." *Kxuber v. Berkshire Life Ins. Co. of Am.*, 2019 WL 8275156, at *1 (S.D. Fla. Oct. 11, 2019) (citations omitted).

2

motions. This request would unfairly deprive Plaintiffs of their ability to properly prepare for their class certification motion and should be denied.

Now, the Toyota Defendants seek to shorten the time allotted for Plaintiffs to respond to the Motion to Amend by two (2) days, moving Plaintiff's deadline to oppose from October 2 to September 30—during a week that is already shortened due to a religious holiday on September 28. The Toyota Defendants' assertion that expedited briefing is warranted because the Rule 30(b)(6) deposition is noticed for October 12 does not justify their request. They do not (and cannot) show how an expedited briefing schedule would materially advance their purported goal of receiving a ruling in advance of the October 12 deposition date, <u>as the Toyota Defendants can file a reply on or before Monday, October 5—just one business day after their proposed expedited deadline (October 2) under the current briefing schedule without need for expedited relief</u>. Indeed, this would allow the Toyota Defendants to have the two days they believe is necessary to respond to Plaintiffs' opposition.

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court deny the Toyota Defendants' Motion to Expedite, or in the alternative, deny the Toyota Defendants' Motion to Amend Scheduling Order (ECF No. 122) without requiring further briefing and thus find that the Motion to Expedite is moot.

Respectfully submitted,

Date: September 25, 2020         **PODHURST ORSECK, P.A.**

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
pprieto@podhurst.com
John Gravante, III (FBN 617113)
jgravante@podhurst.com
Matthew Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)

3

adelriego@podhurst.com
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Tel.: (305) 358-2800/Fax: (305)358-2382

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Tyler S. Graden
tgraden@ktmc.com
Natalie Lesser
nlesser@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**KIESEL LAW LLP**
Paul R. Kiesel
kiesel@kiesel.law
Jeffrey A. Koncius
koncius@kiesel.law
Nicole Ramirez
ramirez@kiesel.law
8648 Wilshire Boulevard Beverly Hills,
CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

*Attorneys for Plaintiffs and the
Proposed Classes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Peter Prieto*
Peter Prieto