# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 18-cv-22798

JAVIER CARDENAS, and RODNEY
BAKER, individually and on behalf of all
others similarly situated,

      Plaintiffs,

      v.

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., and SOUTHEAST TOYOTA
DISTRIBUTORS, LLC,

      Defendants.

_____/

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs Javier Cardenas and Rodney Baker and the FDUTPA Class (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby serve their Proposed Jury Instructions.

The proposed instructions are based primarily on the 2013 Eleventh Circuit Pattern Jury Instructions (revised through March 2022). Citations of authority in support of the instructions that are not based on the Pattern Instructions are provided. Plaintiffs respectfully reserve the right to amend their proposed jury instructions.

## Jury Instruction No. 1

## GENERAL PRELIMINARY INSTRUCTION

**Members of the Jury:**

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The Jury's Duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it. There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence– and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**<u>Credibility of witnesses:</u>**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

-  the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**<u>Conduct of the Jury:</u>**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-

networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**<u>Taking notes:</u>**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

**Course of the trial:**

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

(11th Circuit Pattern Jury Instruction 1.1)

## Jury Instruction No. 2

### JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

-  Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

(11th Circuit Pattern Jury Instruction 1.4)

## Jury Instruction No. 3

### STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

(11th Circuit Pattern Jury Instruction 2.1)

**Jury Instruction No. 4**

**USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

(11th Circuit Pattern Jury Instruction 2.2)

**Jury Instruction No. 5**

**JUDICIAL NOTICE**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

(11th Circuit Pattern Jury Instruction 2.5)

**Jury Instruction No. 6**

**USE OF INTERROGATORIES**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

(11th Circuit Pattern Jury Instruction 2.6)

<u>**Jury Instruction No. 7**</u>

**IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE**

Reports about this trial or about this incident may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

(11th Circuit Pattern Jury Instruction 2.7)

<u>**Jury Instruction No. 8**</u>

**ADDRESS ALL TO THE JURY**

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

(11th Circuit Pattern Jury Instruction 3.1)

<u>**Jury Instruction No. 9**</u>

**THE DUTY TO FOLLOW INSTRUCTIONS**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

(11th Circuit Pattern Jury Instruction 3.2.2)

## <u>Jury Instruction No. 10</u>

### ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

(11th Circuit Pattern Jury Instruction 3.3)

## Jury Instruction No. 11.

### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

(11th Circuit Pattern Jury Instruction 3.4)

**<u>Jury Instruction No. 12</u>**

**INACCURATE OR MISSPOKEN TESTIMONY**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

(11th Circuit Pattern Jury Instruction 3.5.1)

**<u>Jury Instruction No. 13</u>**

**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

(11th Circuit Pattern Jury Instruction 3.5.2)

**Jury Instruction No. 14**

**EXPERT WITNESS**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

(11th Circuit Pattern Jury Instruction 3.6.1)

**Jury Instruction No. 15**

**PLAINTIFFS' BURDEN OF PROOF**

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that what Plaintiffs' claim is more likely true than not true.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise -- consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.  After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence. This means that if the evidence favors Plaintiffs, even 50.1%, Plaintiffs win on that issue.

(11th Circuit Pattern Jury Instruction 3.7.1)

**Jury Instruction No. 16**

**DEFENDANTS' BURDEN OF PROOF**

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. If Defendants raise an affirmative

defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

(11th Circuit Pattern Jury Instruction 3.7.2)

## <u>Jury Instruction No. 17</u>

### DUTY TO DELIBERATE

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

(11th Circuit Pattern Jury Instruction 3.8.1)

## <u>Jury Instruction No. 18</u>

### ELECTION OF FOREPERSON AND EXPLANATION OF VERDICT FORMS

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

(11th Circuit Pattern Jury Instruction 3.9)

**Jury Instruction No. 19**

**CLASS ACTION**

At various times, you will hear the attorneys refer to this case as a "class action." In a class action, one or several people bring a lawsuit on behalf of themselves and a larger group of people who have common legal interests. The entire group of people together is called a "Class."

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. They are allowed to proceed in court as a group because the Court has concluded that they have met all the requirements for a class action. The Court has previously certified this case as a class action and has named Mr. Baker and Mr. Cardenas as class representatives. You may not draw any inference from the fact that only these two class representatives will appear in court to present evidence in this case. There is no requirement that individual Class members appear in court to prove their case.

Here, the Class consists of not just Mr. Baker and Mr. Cardenas, but also: All persons who purchased a 2012-2014 model year non-hybrid Toyota Camry in the state of Florida from an authorized Toyota dealer.

It is important for you to understand that any verdict you reach will apply to each and every Class member. If you find for the Plaintiffs, that verdict will give all Class members the right to obtain damages from the Defendants in accordance with the terms of your verdict and the information each Class member submits.  If you find for the Defendants, no Class member will recover any damages from the Defendants.

(NEWBERG ON CLASS ACTIONS § 11:22 (Dec. 2021); *Cardenas v. Toyota Motor Corp.*, 2021 WL 5811741, at *17 (S.D. Fla. Dec. 6, 2021).

## Jury Instruction No. 20

### DESCRIPTION OF THE CASE

This is a civil case about an alleged defect in non-hybrid model year 2012-2014 Toyota Camrys. Individuals who purchased one of these cars from an authorized Toyota dealership in Florida are members of the Class. To help you follow the evidence, I'll summarize the parties' positions.

The Class, represented here by Plaintiffs Javier Cardenas and Rodney Baker, brings a claim against Defendants, Toyota Motor Corporation, Toyota Motor Sales, USA, Inc., Toyota Motor Engineering & Manufacturing, Inc., and Southeast Toyota Distributors, LLC under the Florida Deceptive and Unfair Trade Practices Act. This law allows Plaintiffs and the Class to recover money damages if they prove that (1) Defendants engaged in deceptive or unfair acts or practices in the conduct of trade or commerce; and (2) Defendants' conduct caused economic damages to Plaintiffs and the Class. Plaintiffs contend that Defendants failed to disclose and concealed that the heating, ventilation, and air conditioning ("HVAC") systems in the Class Vehicles contain a

design Defect. The defective design of the HVAC systems leads to the build-up and collection of moisture and organic matter, which can cause microbial growth and foul odors. Plaintiffs also contend that Defendants knew that the only way to fix the Defect was an expensive redesign of the HVAC system. But instead of fixing the problem, Defendants hid the Defect and directed dealerships to tell customers that the HVAC odor was "normal." Defendants also developed ineffective strategies to mask the foul odor, refused to cover repairs under warranty, transferred the costs of those repairs to consumers, and sought to avoid the obligation to buyback the Camrys under Florida's Lemon Law, which requires an automaker to buyback cars after three failed attempts to repair the car. Plaintiffs assert that this design Defect existed at the point of sale in all 2012-2014 non-hybrid Camrys. Defendants knew of the Defect but did not disclose it to Plaintiffs and members of the Class; this, in turn, caused them to pay more for the vehicles than they would have had Defendants disclosed the Defect. Plaintiffs and the Class contend that Defendants' deceptive or unfair conduct caused them to suffer money damages and violated the Florida Deceptive and Unfair Trade Practices Act.

## Jury Instruction No. 21

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT CLAIM

Plaintiffs and members of the Class have brought a claim against Defendants under the Florida Deceptive and Unfair Trade Practices Act. The Florida Deceptive and Unfair Trade Practices Act (also known as FDUTPA) was enacted to protect consumers and prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

(Fla. Stat. § 501.204(1))

To prevail on this claim, Plaintiffs must prove:

(1) Defendants engaged in a deceptive or unfair act or practice in the conduct of trade or commerce; and

(2) Defendants caused damage to Plaintiffs and the Class.

(*See Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 167 (Fla. Dist. Ct. App. 2015)); *see also* Florida Standard Jury Instructions – Contract And Business Cases 416.50(a); *see also Cardenas v. Toyota Motor Corp.*, 2021 WL 5811741, at *12 (S.D. Fla. Dec. 6, 2021)).

I will now provide you with some definitions that will help you determine whether Defendants violated FDUTPA.

## Jury Instruction No. 22

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

### DEFINITION OF DECEPTIVE OR UNFAIR ACT

Under FDUTPA, a "deceptive act" is a representation, omission, or practice that was likely to mislead a consumer acting reasonably under the circumstances.

(*Carriuolo v. Gen. Motors Co*., 823 F.3d 977, 983–84 (11th Cir. 2016); *see also State, Off. of Att'y Gen., Dep't of Legal Affs. v. Com. Com. Leasing, LLC*, 946 So. 2d 1253, 1258 (Fla. Dist. Ct. App. 2007); *see also* Florida Standard Jury Instructions – Contract And Business Cases 416.50(a)).

To determine whether a reasonable consumer would have been deceived under the same circumstances, it is not necessary to show that any consumer actually relied on the challenged representation, omission, or practice.

(*Carriuolo v. Gen. Motors Co*., 823 F.3d 977, 984 (11th Cir. 2016); *Latman v. Costa Cruise Lines, N. V.*, 758 So. 2d 699, 702-03 (Fla. Dist. Ct. App. 2000); *Cardenas v. Toyota Motor Corp.*, 2021 WL 5811741, at *12-13 (S.D. Fla. Dec. 6, 2021)).

Under FDUTPA, an act or practice is "unfair" if it offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

(Florida Standard Jury Instructions – Contract And Business Cases 416.50(a)).

### Jury Instruction No. 23

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT- LEGAL CAUSE

Engaging in a deceptive or unfair trade practice is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the violation, the damage would not have occurred.  Under FDUTPA, there is an objective standard of causation, which focuses on whether a reasonable person would have been deceived.

(Florida Standard Jury Instructions – Contract And Business Cases 416.50(b); *Cardenas v. Toyota Motor Corp.*, 2021 WL 5811741, at *12-13 (S.D. Fla. Dec. 6, 2021)).

### Jury Instruction No. 24

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT- DAMAGES

Under FDUTPA, "actual damages" is defined as the difference between the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered. Thus, the amount a reasonable consumer overpaid for a product is a proper measure of damages. Plaintiffs need only show that a reasonable consumer would have been harmed by Defendants' conduct.

(Florida Standard Jury Instructions – Contract And Business Cases 416.50(c); *Carriuolo v. Gen. Motors Co*., 823 F.3d 977, 986 (11th Cir. 2016); *Cardenas v. Toyota Motor Corp.*, 2021 WL 5811741, at *13 (S.D. Fla. Dec. 6, 2021)).

**<u>Jury Instruction No. 25</u>**

**DAMAGES**

In considering the issue of damages, you are instructed that you should assess the amount you find to be justified as full, just and reasonable compensation for Plaintiffs and all of the Class members' damages.

Dated: June 17, 2022                    Respectfully submitted,

<u>/s/ *Peter Prieto*            </u>
Peter Prieto
pprieto@podhurst.com
John Gravante, III
jgravante@podhurst.com
Matthew Weinshall
mweinshall@podhurst.com
**Podhurst Orseck, P.A.**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382

Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Tyler S. Graden
tgraden@ktmc.com
Jordan E. Jacobson
jjacobson@ktmc.com
**Kessler Topaz**
  **Meltzer & Check, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Attorneys for Plaintiffs and the*
*FDUTPA Class*

Paul R. Kiesel
kiesel@kiesel.law
Jeffrey A. Koncius
koncius@kiesel.law
Nicole Ramirez
ramirez@kiesel.law
**Kiesel Law LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel.: (310) 854-4444
Fax: (310) 854-0812

*Additional Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*/s/ Peter Prieto*