UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-22798-CIV-MORENO

JAVIER CARDENAS and RODNEY BAKER,
individually and on behalf of all others simiarly
situated,

        Plaintiffs,

vs.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR SALES, U.S.A., INC.;
TOYOTA MOTOR ENGINEERING &
MANUFACTURING, INC.; and
SOUTHEAST TOYOTA DISTRIBUTORS,
LLC,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO NARROW THE CLASS BASED UPON THE STATUTE OF LIMITATIONS

THIS CAUSE came before the Court upon Defendants' Motion to Narrow the Class Based Upon the Statute of Limitations, or, Alternatively, for Summary Judgment as to All Absent Class Members who Purchased Class Vehicles First Sold Before July 12, 2014. **(D.E. 459)**, filed on **August 31, 2022**. The Court has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that, for the reasons explained below, the motion is **GRANTED**.

### BACKGROUND

This case is about an alleged defect in non-hybrid Toyota Camrys for the model years 2012 to 2014. Car owners Javier Cardenas, Rodney Baker, and Michelle Monge bring this putative class action against a variety of Toyota entities, in particular Toyota Motor Corporation, which

designed and manufactured the vehicles, and Southeast Toyota Distributors, which distributed the vehicles to authorized dealers in the southeast United States. Plaintiffs allege that Toyota and Southeast Toyota Distributors conspired to and actually concealed a defect in the Heating, Ventilation and Air Conditioning ("HVAC") systems of the vehicles, in order to protect the Toyota brand, overcharge consumers, and avoid buybacks under the Florida Lemon Laws.

Plaintiff car owners brought claims under the Racketeer Influenced and Corrupt Organizations Act and the Florida Deceptive and Unfair Trade Practices Act. The Court certified a single Rule 23(b)(3) class under the Florida Deceptive and Unfair Trade Practices Act of all persons who purchased a 2012-2014 model year non-hybrid Toyota Camry from an authorized Toyota dealer in the state of Florida, and the Court appointed Plaintiff Cardenas and Baker as class representatives.[1]

The Florida Deceptive and Unfair Trade Practices Act has a four-year statute of limitations period that begins to run at the time the product at issue is purchased. Plaintiffs filed this lawsuit on behalf of a putative class on July 12, 2018. Each Defendant asserted the statute of limitations as an affirmative defense and contended that the Florida Deceptive and Unfair Trade Practices Act claims of all purchasers of Class Vehicles first sold prior to July 12, 2014 are time-barred. Based on data transmitted from Florida dealerships to Defendant Southeast Toyota Distributors, LLC, more than 85% of Class Vehicles were first sold prior to the July 12, 2014 statutory cutoff period. To overcome this hurdle, Plaintiffs assert fraudulent concealment tolling as their defense to the statute of limitations bar. Given the scope of the statute of limitations issue and the lack of a viable way to try that issue on a class-wide basis, Defendants now move the Court: (1) to narrow the

---

[1] The Court declined to certify a class under the Racketeer Influenced and Corrupt Organizations Act for purchasers of the same vehicles from authorized dealers in all of the southeast United States.

2

Class to exclude absent class members who purchased 2012–2014 Toyota Camry vehicles at authorized Toyota dealerships in Florida ("Class Vehicles") that were first sold outside the limitations period pursuant to Rule 23; or (2) alternatively, to grant summary judgment for Defendants on the statute of limitations as to those absent class members pursuant to Rule 56.

In certifying the Class at issue, the Court recognized that later narrowing of the Class was a possibility, explaining that it was "mindful that if evidence later shows that an affirmative defense is likely to bar claims against some class members, there are adequate procedural mechanisms at its disposal . . . [including] amend[ing] the class definition, and more." D.E. 377, at 29. The Court now determines that the likely difficulties in managing a class action under the circumstances of this case warrant the need for this Court to narrow the Class to exclude purchasers of Class Vehicles (apart from Mr. Baker) first sold before July 12, 2014.

## **LEGAL STANDARD**

An order granting class certification is not an untouchable determination. As Federal Rule of Civil Procedure 23(c)(1)(C) provides, "an order that grants or denies class certification may be altered or amended before final judgment." Indeed, the Court "retains the ability, and perhaps even a duty, to alter or amend a certification decision." *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064–65 (11th Cir. 2001) ("The district judge may review his certification order at any time and may consider redefined or more narrowly tailored classes or subclasses[.]"); *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013) (recognizing duty to reassess class certification "based on circumstances developing as the case unfolds"); *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 149 (3d Cir. 1998) (affirming decertification because "determining whether each class member's claim is barred by the statute of limitations raises individual issues that prevent class certification"); *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("The

3

district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

## DISCUSSION

I.  **Plaintiffs' Procedural Arguments**

As an initial matter, Plaintiffs argue that Defendants' motion is improper because it constitutes a thinly veiled request for reconsideration that fails to meet the burden required for reconsideration. Plaintiffs' argument is unavailing, however, because Federal Rule of Civil Procedure 23(c)(1) authorizes district courts to alter or amend class certification orders any time before a decision on the merits, and Defendants' motion seeking to narrow the scope of the FDUPTA class is a proper means of ensuring that the Rule 23 requirements are met at all stages of the case. *See* Fed. R. Civ. P. 23(c)(1). In addition, while Plaintiffs take issue with the fact that Defendants' motion seeks summary judgment in the alternative, the Court gave Defendants permission to file a subsequent motion for summary judgment at the Pretrial Conference and imposed no restrictions on the manner in which Defendants elected to label their intended motion.

Next, Plaintiffs contend that the Court should not permit Defendants to rely on the data submitted by Southeast Toyota Distributors, LLC, which reflects that more than 85% of Class Vehicles were purchased outside the four-year statute of limitations period, because this data was not produced in discovery. The Court, however, agrees with Defendants that Southeast Toyota Distributors, LLC could not have reasonable anticipated producing such information at that time given that Defendants could not have known what class, if any, the Court would certify. In any event, at the Pretrial Conference, the Court specifically ordered Defendants to attach this data to the present motion. Therefore, Defendants' motion is procedurally proper, and the Court will not prevent Defendants from relying on the vehicle transaction data attached to their motion.

4

II.     **Resolution of Fraudulent Concealment Tolling at Trial Will Require Individual Proof**

To establish fraudulent concealment tolling, Plaintiffs must show: (1) successful concealment of the cause of action from each class member; (2) affirmative fraudulent means to achieve that concealment from each class member; and (3) that each class member exercised reasonable care and diligence in seeking to discover the facts that form the basis of the claim. *Adderley v. Three Angels Broad. Network, Inc.*, 2019 WL 7189887, at *4 (S.D. Fla. Dec. 26, 2019). Courts applying Florida law have held that "[t]he 'fraudulent means' alleged must go beyond mere non-disclosure, and must constitute active and willful concealment." *Licul v. Volkswagen Grp. of Am.*, Case No. 13-cv-61686, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013). In other words, an omission is not sufficient to establish fraudulent concealment tolling. *See, e.g., Adderley*, 2019 WL 7189887, at *5.

A. **Individual Inquiry is Necessary to Determine Whether Each Class Member was Affirmatively Misled into Not Bringing a Timely Claim**

Defendants contend that individual evidence as to each time-barred class member will be necessary to resolve whether he or she was affirmatively misled by Defendants during the limitation period into not bringing a claim. This is because, to successfully prove fraudulent concealment for purposes of tolling the statute of limitations, Plaintiffs must show that each Defendant engaged in an affirmative act that reached each class member and that "served to dupe, trick or hoodwink [each class member] such that he or she was falsely enticed into inaction after [their] cause of action accrued." *In re Engle Cases*, 2012 WL 12904243, at *5 (M.D. Fla. Nov. 26, 2012). And because this issue affects more than 85% of Class Vehicles, Defendants argue that any trial will be overrun with individual evidence and mini-trials on fraudulent concealment that would render unmanageable any class trial.

5

In response, Plaintiffs contend that fraudulent concealment will be established with class-wide evidence of Defendants' fraudulent conduct, so there will be no individualized issues to litigate. Specifically, Plaintiffs say they will show that Defendants "developed a uniform script to tell customers [ ] that HVAC odor is 'normal' and unfixable." D.E. 461 at 17. As Plaintiffs concede, however, this uniform script could only impact a certain subset of class members—namely, those "customers [who] complain[ed] about HVAC odor." *Id.* at 6. And this would only be the case if those class members actually received that information. If they did not, there is no link between the affirmative fraudulent conduct of developing the uniform script and a decision by class members to forgo their claims. Thus, to parse out which Plaintiffs were falsely enticed into inaction due this affirmative fraudulent conduct would require an individualized inquiry into what information, if any, was conveyed to each class member that complained about HVAC odor.

In a similar regard, another problem with Plaintiffs' intended class-wide evidence is that the development of this uniform script does not demonstrate an affirmative act of fraudulent concealment capable of reaching those class members that never experienced an HVAC odor and therefore never brought their vehicle into a dealership, or even contacted any Defendant, to raise concerns about HVAC odor. In other words, if some Plaintiffs never bothered to inquire about experiencing an HVAC odor, it is unclear how those Plaintiffs could have been "dupe[ed], trick[ed] or hoodwink[ed] such that he or she was falsely enticed into inaction after [their] cause of action accrued." *In re Engle Cases*, 2012 WL 12904243, at *5. In any event, Defendants are correct in asserting their entitlement to challenge any testimony or other proof put forward by any class member claiming that he or she was affirmatively misled into not asserting a claim. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366–67 (2011) (class trial cannot deny defendant's due process right to litigate its "defenses to individual claims").

6

For these reasons, the Court agrees that individual evidence as to each time-barred class member will be necessary to determine if he or she was affirmatively misled by Defendants during the limitation period into not bringing a claim. *See, e.g., Martel v. Writers Guild of Am. W. Inc.*, 2021 WL 6618617, at *4 (C.D. Cal. Dec. 7, 2021) ("individualized analysis is necessary" to resolve fraudulent concealment tolling where class members "received different communications"); *see also Minter v. Wells Fargo Bank, N.A.*, 2013 WL 1795564 (D. Md. Apr. 26, 2013) (decertifying class due to manageability concerns because "individual class members' transactions" were "relevant to the concealment and due diligence inquiries of tolling," and thus the court could not manageably try those claims without individual mini-trials); *Haley v. Kolbe & Kolbe Millwork Co.*, 2015 WL 9255571, at *11–12 (W.D. Wis. Dec. 18, 2015) (denying class certification because a class trial would be "unworkable" where resolution of tolling issue would "require fact-intensive and individual inquires that will vary from class member to class member"); *Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 215 F.R.D. 523, 532 (E.D. Tex. 2003) (denying class certification and recognizing fraudulent concealment tolling would involve "individual issues that will require inquiry into the knowledge and actions of each Plaintiff"), *aff'd*, 100 F. App'x 296 (5th Cir. 2004). And given Defendants' evidence reflecting that more than 85% of Class Vehicles were first sold prior to the July 12, 2014 statutory cutoff period, the Court is persuaded that any trial will be overrun with individual evidence and mini-trials on fraudulent concealment tolling.

### B. Individual Inquiry is Necessary to Determine Whether Each Class Member Exercised Reasonable Care and Diligence

In addition to the fact that individual inquiry will be necessary to determine whether each class member was affirmatively misled into not bringing a timely claim, it seems that individual inquiry may also be necessary to resolve whether each class member "exercised reasonable care

7

and diligence in seeking to learn the facts which would disclose the fraud." *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 812 (Fla. 4th DCA 1995); *Hall v. Burger King Corp.*, 1992 WL 372354, at *9 & n.8 (S.D. Fla. Oct. 26, 1992) ("Claims of fraudulent concealment involve 'highly individualized questions of fact,' and at a minimum, 'the questions of exercise of due diligence and success of concealment would have to be answered on an individual basis for each class member.'") (internal citation omitted). The need for individualized evidence to determine whether each class member exercised reasonable diligence in attempting to discover the factual basis of their FDUPTA claim is highlighted by the different post-purchase conduct undertaken by each class member.

For instance, it is unclear how Plaintiffs can prove the issue of reasonable diligence on a class-wide basis when certain class members who experienced HVAC odor issues took their vehicles to the dealership to have the problem evaluated while other class members who experienced HVAC odor never investigated the issue, and never took their vehicles to the dealership to have the issue addressed. To that end, Defendants have the due process right to present individual evidence challenging any class member's reasonable diligence by showing what he or she did or did not do to discover the factual basis for their claim, including whether they ran a "google" search to investigate the HVAC odor issues within the applicable 4-year limitations period. *See Dukes*, 564 U.S. at 366–67 (2011) (class trial cannot deny defendant's due process right to litigate its "defenses to individual claims").

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Defendants' motion is **GRANTED in part** and **DENIED in part**. Specifically, Defendants' request to narrow the FDUPTA Class to exclude purchasers of Class Vehicles (apart from Mr. Baker) first sold before

8

July 12, 2014 is **GRANTED**. And because the Court grants Defendants' motion to narrow the FDUPTA Class at issue, the Court need not address the merits of Defendants' alternative request for summary judgment. Accordingly, Defendants' alternative request for summary judgment as to all absent class members who purchased class vehicles first sold before July 12, 2014, is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th of December 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record