**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-CV-22798-FAM**

JAVIER CARDENAS and RODNEY
BAKER, individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.

TOYOTA MOTOR CORPORATION,
TOYOTA MOTOR SALES, U.S.A., INC.,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA,
INC., and SOUTHEAST TOYOTA
DISTRIBUTORS, LLC,

    Defendants.

_____

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESCRIPTION OF THE CASE

The Court asked the parties to submit "one-paragraph" case statements to be read to

prospective jurors as part of the jury selection process.  Plaintiffs' 14-sentence case statement

(ECF No. 531) misconstrues this purpose, prematurely raises legal issues that should not be

presented to prospective jurors, and misstates those legal issues.  Accordingly, Plaintiffs' case

statement is improper and should not be read.[1]

***First***, Plaintiffs incorrectly ask the Court to use their 14-sentence case statement "for the

preliminary jury instructions."  (ECF No. 531, at 1.)  The Court, however, requested a single

paragraph from the parties to inform ***prospective*** jurors about what this case is about—not to

---

[1] Defendants have submitted a redlined version of Plaintiffs' case statement that accounts
for their objections.  That document is attached as Exhibit A.

1

instruct an empaneled jury.  (2/21/2023 Calendar Call Rough Tr., attached as Ex. B, at 5:21-6:22.)

*Second*, Plaintiffs seek to inform jurors that the Court "named" Mr. Cardenas as a class representative.  (ECF No. 531, at 1.)  That statement is untrue and prejudicial.  It improperly suggests that the Court hand-picked Mr. Cardenas to serve as a class representative in this case, thereby seeking to legitimize his claims.  The Court did not "name" Mr. Cardenas.  In fact, the Court previously informed Plaintiffs' counsel that this type of language was inappropriate and that the Court would *not* make such a statement to any jury:

> THE COURT: What are you going to tell them about that?
>
> MR. PRIETO: That it's a class action and that Mr. Baker and Mr. Cardenas, as the Court has already concluded, are legitimate class --
>
> THE COURT: Oh, you're not going to tell the jurors, "as the Court has already concluded" --
>
> MR. PRIETO: No, no.
>
> THE COURT: -- because I won't let you do that.

(8/15/2022 Pretrial Conf. Tr., attached as Ex. C, at 56:23-57:5.)  Plaintiffs' case statement contradicts the Court's directive.

*Third*, Plaintiffs' case statement improperly seeks to have the Court endorse their description of the legal elements of their Florida Deceptive and Unfair Trade Practices Act claims.  (ECF No. 531, at 1-2.)  It would be premature for the Court to instruct prospective jurors on these legal issues.  That should be reserved for the jury charge conference.  In fact, earlier this week, the Court made clear that the Court would address "the law at the end of trial," after the submission of evidence.  (2/21/2023 Calendar Call Rough Tr., Ex. B, at 25:20-25.)  Even Plaintiffs' counsel agreed that it was "not for jury selection."  (*Id.* at 25:22; *see also id.* at 27:12-

2

14 ("THE COURT: So you want me to make a final decision on the jury instructions before we select a jury. MR. WEINSHALL: No . . .").)  Plaintiffs seek an end-run around the Court's directive by trying to get the Court to commit to Plaintiffs' view of the elements of FDUTPA as part of the jury selection process.

In addition, Plaintiffs' description of the legal elements of their FDUTPA claim is inaccurate and incomplete.  Plaintiffs omit key elements and wrongly suggest that they need to prove only two things to recover "monetary compensation."  (ECF No. 531, at 2.)  And the elements Plaintiffs do identify are not sufficiently defined.  (*See* ECF No. 431-3, at Instruction Nos. 9-19 (correctly identifying and describing elements of FDUTPA claim).)  Accordingly, this is an inaccurate and incomplete statement of the law in the context of this case and it should not be read.

***Lastly***, Plaintiffs' description of a class action suggests that the Court has held that all class members have "common legal interests."  (ECF No. 531, at 1.)  The Court has made no such finding.  Nor have Plaintiffs presented any such evidence.  Accordingly, that language is inappropriate and should not be used.

For the reasons set forth above, Plaintiffs' case statement is inappropriate and Defendants object to the reading of that proposed statement in its current form.

3

Dated: February 24, 2023

Respectfully submitted,

/s/ Robert E. Sacks
Robert E. Sacks
Florida Bar No. 110019
rsacsks@sbwh.law
Joshua L. Zipper
Florida Bar No. 0045247
jzipper@sbwh.law
SHAPIRO, BLASI, WASSERMAN &
HERMANN, P.A.
7777 Glades Rd., Suite 400
Boca Raton, FL 33434
Telephone: 561.477.7800
Fax: 561 477-7722

*Attorneys for Defendant Southeast Toyota
Distributors, LLC*

s/ Brian M. Ercole
Brian M. Ercole (Florida Bar No. 102189)
brian.ercole@morganlewis.com
Melissa M. Coates (Florida Bar No. 111420)
melissa.coates@morganlewis.com
Matthew M. Papkin (Florida Bar No. 106565)
matthew.papkin@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, Florida 33131-3075
Tel: 305.415.3000
Fax: 305.415.3001

David L. Schrader (admitted *pro hac vice*)
david.schrader@morganlewis.com
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Brent Hawkins (admitted *pro hac vice*)
Mark Feller (admitted *pro hac vice*)
mark.feller@morganlewis.com
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

*Attorneys for Defendants Toyota Motor
Corporation, Toyota Motor Sales, U.S.A., Inc.,
and Toyota Motor Engineering & Manufacturing
North America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*s/ Brian M. Ercole*
Brian M. Ercole