UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-22798-CIV-MORENO**

JAVIER CARDENAS, individually and
on behalf of all others similarly situated,
and RODNEY BAKER, individually,

       Plaintiffs,

vs.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR SALES, U.S.A.,
INC.; TOYOTA MOTOR
ENGINEERING &
MANUFACTURING, INC. (all referred
to as the "Toyota Defendants")

       Defendants.

_____/

## JURY INSTRUCTIONS

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished, you will go to the jury room and begin your discussions,

sometimes called deliberations.

## JURY INSTRUCTION NO. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Statements made by an agent of a party may be considered as an admission against that party. However, before you can consider those statements against a party, the person making them must have been authorized by the party or have played a role in the decision making process of the company, or the statements must have been made within the scope of the employment granted by the company.

An individual can also be what is called an "apparent" agent. In order for you to find an apparent agency, one of the parties, through their words or conduct, must have caused or allowed the other party to believe that an individual was the first

party's agent and had authority to act for him or her.  You must also find that the other party justifiably relied on that belief in dealing with the alleged apparent agent.

The Florida legislature recognizes that a duly franchised motor vehicle dealer is an authorized service agent of the manufacturer.  An authorized service agent means any person, including a franchised motor vehicle dealer, who is authorized by the manufacturer to service motor vehicles.

## JURY INSTRUCTION NO. 2

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## JURY INSTRUCTION NO. 3

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at

some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field – one who is called an expert witness – is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

## JURY INSTRUCTION NO. 4 - BURDEN OF PROOF

In this case it is the responsibility of the plaintiffs, who are suing, to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the Plaintiff on that claim.

## JURY INSTRUCTION NO. 5 – CLASS ACTION

In a class action, one or several people bring a lawsuit on behalf of themselves and a larger group of people who have common legal interests. The entire group of people together is called a "Class."

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. They are allowed to proceed in court as a group.  If you find it appropriate, you may apply the evidence at the trial to all Class Members.  All members of the Class will be bound by the results of this trial.  The fact that this case is proceeding as a class action does not mean that any decision has been made about what your verdict should be.

Here, the Class consists of not just Mr. Cardenas, but also: All persons who purchased a 2012-2014 model year non-hybrid Toyota Camry that was first sold on or after July 12, 2014 in the state of Florida from an authorized Toyota dealer.

Any verdict you reach on the claims of Mr. Cardenas will apply to each and every Class member. If you find for Mr. Cardenas, on behalf of the Class, that verdict will give all Class members the right to obtain damages from the Defendants in accordance with the terms of your verdict. If you find for the Defendants, no Class member will recover any damages from the Defendants.

## JURY INSTRUCTION NO. 6 – DESCRIPTION OF THE CASE

This is a civil case about an alleged defect in "Class Vehicles," which are non-hybrid model year 2012-2014 Toyota Camrys that were first sold on or after July 12, 2014. Individuals who purchased one of these cars from an authorized Toyota dealership in Florida are members of the Class, and are suing through their representative, Javier Cardenas.  Rodney Baker is suing as an individual and not as a member of the Class.

The Class, represented here by Plaintiff Javier Cardenas, and Rodney Baker bring a claim against Defendants, Toyota Motor Corporation, Toyota Motor Sales, USA, Inc., and Toyota Motor Engineering & Manufacturing, Inc. under the Florida Deceptive and Unfair Trade Practices Act. This law allows Plaintiffs and the Class to recover money damages if they prove that (1) Defendants engaged in deceptive acts or practices in the conduct of trade or commerce; and (2) Defendants' conduct caused economic damages to Plaintiffs and the Class.

Plaintiffs contend that Defendants failed to disclose and concealed that the heating, ventilation, and air conditioning systems in the Class Vehicles contain a design defect, which can cause foul odors. The plaintiffs also contend that Defendants knew that the only way to fix the defect was an expensive redesign of the air conditioning system. But instead of fixing the problem, Defendants allegedly hid the defect and directed dealerships to tell customers that the odor was normal.

Plaintiffs assert that this design defect existed at the point of sale in all 2012-2014 non-hybrid Camrys. Plaintiffs allege that Defendants knew of the defect but did not disclose it to Plaintiffs and members of the Class; this, in turn, caused them to pay more for the vehicles than they would have if Defendants disclosed the defect. Plaintiffs and the Class contend that Defendants' deceptive conduct caused them to suffer money damages and violated the Florida Deceptive and Unfair Trade Practices Act.

The Toyota Defendants' position is that there is no defect in the heating, ventilation, and air conditioning systems of 2012-2014 Toyota Camry vehicles and that vehicle owners were not deceived or misled.  Toyota does not dispute that a small percentage of owners of Toyota Camry vehicles have reported a temporary, unpleasant odor when using the air conditioning systems. This issue is caused by driving conditions, environmental factors, and how each vehicle owner uses the vehicle. Odor can happen in any vehicle, from any manufacturer, not just Camrys. Toyota also denies that the two named plaintiffs, and the class of other Toyota Camry owners Cardenas represents were financially harmed in any way.

## JURY INSTRUCTION NO. 7 - VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

The Florida Deceptive and Unfair Trade Practices Act makes unlawful deceptive acts or practices in the conduct of any trade or commerce. The Act allows persons or businesses harmed by violations of the statute to sue.

To recover damages from Defendants for deceptive trade practices, Plaintiff must prove the following:

1.     Defendants engaged in a deceptive act or practice;

2.     Defendants' actions were the legal cause of actual economic damage sustained by Plaintiffs; and

3.     Actual money damages.

Mr. Cardenas, as class representative, must prove all three elements on behalf of himself and all Class Members.

An act or practice is "deceptive" if it is likely to mislead a person, acting reasonably in the circumstances, to the person's detriment. A deceptive act is a representation or omission that was likely to mislead a consumer acting reasonably under the circumstances.

A plaintiff sustained actual damages if the market value of the product, in the condition in which it was delivered to the plaintiff, was less than its market value in the condition in which it should have been delivered according to the contract of the parties.

## <u>JURY INSTRUCTION NO. 8 – DEFINITION OF DECEPTIVE ACT</u>

To determine whether a reasonable consumer would have been deceived under the same circumstances, it is not necessary to show that any consumer actually relied on the challenged representation, omission, or practice.

## JURY INSTRUCTION NO. 9 – EXISTENCE OF DEFECT IN EACH CLASS VEHICLE

Plaintiffs claim that the air conditioning system in each Class Vehicle is defective because the design of the system in each vehicle allows too much moisture to accumulate, leading to microbial growth that produces unpleasant odors when the system is turned on. You must determine whether Plaintiffs have proven that this issue exists and whether this issue meets the definition of a design defect.

## **JURY INSTRUCTION NO. 10 – DEFINITION OF DESIGN DEFECT**

A product is defectively designed if the product fails to perform as an ordinary consumer would expect when used as intended or in the manner reasonably foreseeable by the manufacturer.

This is not a products liability case, but a Florida Deceptive and Unfair Trade Practices Act case involving an alleged defective air conditioning system.

## JURY INSTRUCTION NO. 11 – STATUTE OF LIMITATIONS MR. BAKER ONLY

Toyota Motor Sales, Toyota Motor Corporation, and Toyota Motor Engineering contend that the claims of Mr. Baker are barred by the statute of limitations. On the defense of statute of limitations, the issue for you to decide is whether Mr. Baker filed his claim against each Defendant separately within the time set by law.

The law requires that Mr. Baker's claim be brought within 4 years of the date of the purchase of his vehicle. The claims in this case were brought on July 12, 2018. Mr. Baker purchased both of his vehicles before July 12, 2014. As a result, Mr. Baker's claims are barred by the statute of limitations, unless you find that Plaintiffs have proven the elements of fraudulent concealment to toll the statute of limitations as to Mr. Baker. The elements of fraudulent concealment tolling must be proven against each Defendant.

## JURY INSTRUCTION NO. 12 – FRAUDULENT CONCEALMENT TOLLING [AS TO MR. BAKER]

To establish fraudulent concealment tolling, Mr. Baker must show that each Defendant actively and willfully concealed the claim from Mr. Baker after his vehicle purchases, thereby inducing him not to file his claim in a timely manner. Proof of inaction by a Defendant is not sufficient. Likewise, proof of non-disclosure of the alleged design defect is not sufficient to establish this element of fraudulent concealment. There must be an affirmative and willful act of concealment separately by each Defendant directed to Mr. Baker that prevented him from filing his claim.

Second, Mr. Baker must show that each Defendant separately used fraudulent means to achieve that concealment from Mr. Baker after his purchases. Thus, Mr. Baker must demonstrate that each Defendant separately made an affirmative false statement or committed an affirmative fraudulent act that tricked him into not bringing a timely claim.

Third, Mr. Baker must show that he exercised reasonable care and diligence in seeking to learn the facts which would form the basis for his claim against Defendant.

## JURY INSTRUCTION NO. 13 – DAMAGES

If you find that Plaintiff Cardenas, on behalf of the Class, has proven that the members of the Class have suffered damages, you must determine the damages for that Class.  You must also decide the issue of damages for Mr. Baker, who is suing individually.  You are instructed that you should assess the amount you find to be justified as full, just and reasonable compensation for Plaintiffs.  In the case of Mr. Baker, it is an individualized assessment of damages.  In the case of Mr. Cardenas, the award of damages is for Plaintiff Cardenas and all of the Class Members.  An award of damages is the difference in market value of the car as received versus the market value of the car as it should have been delivered without the alleged design defect.

A plaintiff can recover actual damages, but not consequential or other special damages.  You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity it may have had under the circumstances to reduce or minimize the loss of damage.

The Defendants have the burden to prove mitigation of damages.  So, if you should find that the Plaintiffs, as consumers, failed to take advantage of a way to mitigate the harm that was reasonably available under all the circumstances shown by the evidence, then you may reduce the amount of damages sought.

The Defendants argue that there are no damages, and thus the number should be 0.  The Plaintiffs argue for a percentage of the average dealer's invoice price for the vehicles belonging to the Class Members, resulting in a total amount of dollars for the entire Class.  The verdict form on damages is 4.

## JURY INSTRUCTION NO. 14 - VERDICT

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the jurors. So, you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your own beliefs just because others think differently or because you simply want to finish the case.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. That person will sign the verdict form for all of you.

A verdict form has been prepared for your convenience.

[EXPLAIN VERDICT FORMS]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. Now you may begin

your deliberations.

## Modified Allen Charge

Members of the Jury: I'm going to ask that you continue your deliberations in an effort to agree on a verdict and dispose of this case. And I have a few additional comments I'd like for you to consider as you do so.

This is an important case. The trial has been expensive in time, effort, money, and emotional strain to both parties. If you fail to agree on a verdict, the case will be left open and may have to be tried again. Obviously, another trial would only increase the cost to both sides, and there is no reason to believe that the case can be tried again by either side any better or more exhaustively than it has been tried before you.

Any future jury must be selected in the same manner and from the same source as you were chosen. There is no reason to believe that the case could ever be submitted to ten people more conscientious, more impartial, or more competent to decide it—or that more or clearer evidence could be produced.

Remember at all times that no juror is expected to give up an honest belief about the weight and effect of the evidence. But after fully considering the evidence in the case you must agree upon a verdict if you can.

You should not be hurried in your deliberations and should take all the time you feel is necessary.

I now ask that you retire once again and continue your deliberations with these additional comments in mind. Apply them in conjunction with all the other instructions I have previously given to you.

## Civil Allen Charge

It's your duty to consult with one another and to deliberate with a view to reaching an agreement—if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself—but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors—who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions, including this one, and ignore others.