UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-22798-CIV-MORENO**

CARDENAS et al.,

       Plaintiffs,

vs.

TOYOTA MOTOR CORPORATION et al.,

       Defendants.

_____/

## NOTICE OF FILING

The Court files the attached objections by Plaintiffs to the damages jury instruction.

DONE AND ORDERED in Chambers at Miami, Florida, this _10_ of March 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

*Plaintiffs' Objections*

## JURY INSTRUCTION – DAMAGES

Since you found in favor of the Plaintiffs on liability, you must now decide the issue of what, if any, damages should be awarded. In considering the issue of damages, you are instructed that you should assess the amount you find to be justified as full, just and reasonable compensation for Plaintiffs. In the case of Mr. Baker, it is an individualized assessment of damages. In the case of Mr. Cardenas, the award of damages is for Plaintiff Cardenas and all of the Class Members. An award of damages is the difference in market value of the car as received versus the market value of the car as it should have been delivered without the alleged design defect.

A plaintiff can recover actual damages, but not consequential or other special damages.

~~You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity it may have had under the circumstances to reduce or minimize the loss of damage.~~

~~So if you should find that a plaintiff failed to seek out or take advantage of a business opportunity that was reasonably available to it under all the circumstances shown by the evidence, then you should reduce the amount of its damages by the amount it could have reasonably realized if it had taken advantage of such opportunity.~~

All prior jury instructions on burden of proof, credibility of the witnesses, etc. should all be followed in this decision.

[EXPLAIN VERDICT FORMS]

→

*The mitigation instruction should not be included for several reasons. First, there has been no evidence that Plaintiffs could have mitigated their overpayment damages. The Eleventh Circuit has held that "the fact of resale is immaterial because the injury occurred when class members paid a price premium at the time of lease or purchase." Carriuolo v. General Motors Co., 823 F.3d 977, 990 (11th Cir. 2016). Second, we could find no Florida state court authority applying the mitigation doctrine to FDUTPA damages. Third, the instruction does not make clear*

that the defendant carries the burden of proof on a mitigation defense. And fourth, the instruction is inapplicable to the facts of this case because it references a "business opportunity," while Plaintiffs are consumers.